Case 4:24-cv-04302   Document 4   Filed on 11/27/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAYMOND DEBA, (TDCJ # 01560023), Petitioner, vs. COURT OF CRIMINAL APPEALS OF TEXAS, Respondent. | CIVIL ACTION NO. H-24-4302 |

**MEMORANDUM OPINION AND ORDER**

Raymond Deba, (TDCJ #01560023), is an inmate in the custody of the Texas Department of Criminal Justice. Representing himself, he filed a letter in which he asks this court to issue a writ of mandamus directed to the Texas Court of Criminal Appeals. (Docket Entry No. 1). Because Deba is a prisoner seeking relief from the government, the court is required by the Prison Litigation Reform Act to examine his petition and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). After reviewing the pleadings and applicable law, the court dismisses Deba's petition with prejudice, for the reasons explained below.

**I.    Background**

Deba is serving a 35-year sentence in the TDCJ–CID on a conviction for online solicitation of a minor. *See* Inmate Search, https://inmate.tdcj.texas.gov (last visited Nov. 26, 2024). In his letter petition, Deba alleges that he has an "error appeal" pending in the Texas 13th Court of Appeals. (Docket Entry No. 1, p. 1). He alleges that the Court of Appeals has had the appeal since July 2024, but it has refused to rule. (*Id.*). He alleges that he filed a petition for writ of mandamus

with the Texas Court of Criminal Appeals, asking that court to order the 13th Court of Appeals to rule, but the Court of Criminal Appeals denied his petition without a written order. (*Id.*). He asks this court to grant mandamus to "compel the Court of Criminal Appeals of Texas to rescind its decision" and to compel the 13th Court of Appeals to "give me some kind of answer on my error appeal." (*Id.*).

**II.   Discussion**

Deba specifically asks this court to issue a writ of mandamus. A writ of mandamus compels the performance of a nondiscretionary duty when the plaintiff has a clear legal right to the relief, the defendant has a clear duty to act, and no other adequate remedy is available. *See, e.g., Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004); *Defense Distrib. v. Bruck*, 30 F.4th 414, 426 (5th Cir. 2022). The common law writ of mandamus was abolished when Federal Rule of Civil Procedure 81(b) was adopted. *See Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1275 (5th Cir. 1973) (per curiam). Mandamus relief is now available only under the federal mandamus statute, which provides district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Because Deba is representing himself, the court is required to liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But even under this liberal standard, Deba's petition cannot be construed to identify any officer or employee of the United States or its agencies that owes any duty to him. The justices of the Texas Court of Criminal Appeals are not officers or employees of the United States or one of its agencies, so this court has no jurisdiction under the mandamus statute to compel them to take any specific action. Deba's petition fails to state a claim upon which relief can be granted under the mandamus statute.

As an alternative to the mandamus statute, the All Writs Act, 28 U.S.C. § 1651, permits federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions." But a court may issue a writ of mandamus under the All Writs Act only "if the courts also have appellate jurisdiction, 'although no appeal has been perfected.'" *Bruck*, 30 F.4th at 423-24 (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 25 (1943))). This court has no appellate jurisdiction over the Texas Court of Criminal Appeals and may not order it to rescind its rulings or enter any other orders. Deba is not entitled to a writ of mandamus under the All Writs Act.

### III. Conclusion and Order

Deba's petition for writ of mandamus, (Docket Entry No. 1), is dismissed with prejudice for failing to state a claim. All pending motions are denied as moot. Final judgment will be separately entered. The court certifies that any appeal from this order is not taken in good faith for purposes of Federal Rule of Appellate Procedure 24(a)(3).

SIGNED on November 27, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge